UNITED STATES DISTRICT COURT
DISTRICT OF SOUTH CAROLINA

| | |
|---|---|
| Jimmy Campbell, Jr., # 274477, | C/A No. 8:10-910-TLW-BHH |
| Plaintiff, | |
| vs. | REPORT AND RECOMMENDATION |
| Robert Fitzsimmons, Attorney;<br>Jarrett Douglas, Officer;<br>Charles Gonzalez, Officer;<br>Carol A. McCurry, Solicitor;<br>Barbara McIlwain, Victim, | |
| Defendants. | |

Introduction and Background

Jimmy Campbell, Jr. ("Plaintiff") is an inmate at the Kershaw Correctional Institution, a part of the South Carolina Department of Corrections prison system. He brings this action *in forma pauperis* and on his own behalf ("*pro se*") seeking damages and injunctive relief pursuant to 42 U.S.C. § 1983.[1] The complaint names as defendants various people involved in the state criminal proceedings conducted in Fairfield County in or around 2000-2001, which proceedings ultimately resulted in Plaintiff's current incarceration. It appears that Plaintiff was convicted of a burglary charge in the Fairfield Court of General Sessions in 2001 and that he received a twenty-year sentence of imprisonment. *See* South Carolina Department of Corrections Homepage, http://www.doc.sc.gov/index.jsp (follow "research," then follow "SCDC Inmate Search," then "Search for Incarcerated Inmate," using the SCDC

---

[1] Pursuant to the provisions of 28 U.S.C. §636(b)(1)(B), and Local Rule 73.02(B)(2)(d), D.S.C., the undersigned is authorized to review such complaints for relief and submit findings and recommendations to the District Court.

1

ID number 274477) (last visited April 21, 2010).² Plaintiff alleges that the defendants violated his constitutional rights in various ways in connection with the state criminal proceedings by conducting or permitting a malicious prosecution, ineffective assistance of counsel, fraud, and illegal arrest, among other things.

Plaintiff previously filed four substantially similar complaints in this court against the same five persons. *See Campbell v. Fitzsimmons, et al.*, Civil Action No. 8:10-92-TLW (D.S.C.), Campbell *v. Fitzsimmons, et al.*, Civil Action No. 8:09-2249-TLW (D.S.C.); *Campbell v. McIlwain, et al.,* Civil Action No. 8:09-1156-TLW (D.S.C.); and *Campbell v. Fitzsimmons, et al.*, Civil Action No. 8:08-3805-TLW (D.S.C.). In Civil Action No. 8:09-2249-TLW, the case was dismissed without prejudice due to frivolity and a strike was entered against Plaintiff because he continued to submit virtually identical claims which he was twice previously told were not viable. Thereafter, in Civil Action No. 8:10-92-TLW, for the same reasons as previously explained to Plaintiff in the previous Report and Recommendations, the case was dismissed without prejudice because it was frivolous and failed to state a claim upon which relief may be granted, and the case was deemed a strike pursuant to 28 U.S.C. § 1915(g). Once again, Plaintiff has filed a substantially similar complaint raising almost identical issues as set forth in his previous four non-habeas civil

---

² The court may take judicial notice of factual information located in postings on government websites. *See In re Katrina Canal Breaches Consolidated Litigation*, No. 05-4182, 2008 WL 4185869 at * 2 (E.D. La. September 8, 2008) (noting that courts may take judicial notice of governmental websites including other courts' records); *Williams v. Long*, No. 07-3459-PWG, 2008 WL 4848362 at *7 (D. Md. November 7, 2008) (noting that some courts have found postings on government websites as inherently authentic or self-authenticating).

actions. This case should be dismissed without prejudice as frivolous, and it should be deemed another strike.

## *Pro Se* Review pursuant to the Prison Litigation Reform Act (PLRA)

Under established local procedure in this judicial district, a careful review has been made of the *pro se* complaint pursuant to the procedural provisions of 28 U.S.C. § 1915; 28 U.S.C. § 1915A; and the Prison Litigation Reform Act (PLRA), Pub. L. No. 104-134, 110 Stat. 1321 (1996). This review has been conducted in light of the following precedents: *Denton v. Hernandez*, 504 U.S. 25 (1992); *Neitzke v. Williams*, 490 U.S. 319, 324-25 (1989); *Haines v. Kerner*, 404 U.S. 519 (1972); *Nasim v. Warden, Md. House of Corr.*, 64 F.3d 951 (4th Cir. 1995) (*en banc*); *Todd v. Baskerville*, 712 F.2d 70 (4th Cir. 1983). The complaint herein has been filed pursuant to 28 U.S.C. § 1915, which permits an indigent litigant to commence an action in federal court without prepaying the administrative costs of proceeding with the lawsuit. To protect against possible abuses of this privilege, the statute allows a district court to dismiss the case upon a finding that the action "fails to state a claim on which relief may be granted," "is frivolous or malicious," or "seeks monetary relief against a defendant who is immune from such relief." Title 28 U.S.C. § 1915(e)(2)(B). A finding of frivolity can be made where the complaint "lacks an arguable basis either in law or in fact." *Denton v. Hernandez*, 504 U.S. at 31. Hence, under § 1915(e)(2)(B), a claim based on a meritless legal theory may be dismissed *sua sponte*. *Neitzke v. Williams*, 490 U.S. 319 (1989); *Allison v. Kyle*, 66 F.3d 71 (5th Cir. 1995). Further, the plaintiff is a prisoner under the definition in 28 U.S.C. § 1915A(c), and it appears that he "seeks redress from a governmental entity or officer or employee of a

governmental entity." 28 U.S.C. § 1915A(a). Thus, even if the plaintiff had prepaid the full filing fee, this court is charged with screening the plaintiff's lawsuit to identify cognizable claims or to dismiss the complaint if (1) it is frivolous, malicious, or fails to state a claim upon which relief may be granted or (2) seeks monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915A.

This court is required to liberally construe *pro se* documents, *Erickson v. Pardus*, 551 U.S. 89 (2007), holding them to a less stringent standard than those drafted by attorneys. *Estelle v. Gamble*, 429 U.S. 97 (1976); *Hughes v. Rowe*, 449 U.S. 9 (1980) (*per curiam*). Even under this less stringent standard, however, the *pro se* complaint is subject to summary dismissal. The mandated liberal construction afforded to *pro se* pleadings means that if the court can reasonably read the pleadings to state a valid claim on which the plaintiff could prevail, it should do so, but a district court may not rewrite a petition to include claims that were never presented, *Barnett v. Hargett*, 174 F.3d 1128, 1133 (10th Cir. 1999), or construct the plaintiff's legal arguments for him, *Small v. Endicott*, 998 F.2d 411, 417-18 (7th Cir. 1993), or "conjure up questions never squarely presented" to the court, *Beaudett v. City of Hampton*, 775 F.2d 1274, 1278 (4th Cir. 1985). The requirement of liberal construction does not mean that the court can ignore a clear failure in the pleading to allege facts which set forth a claim currently cognizable in a federal district court. *Weller v. Dep't of Soc. Servs.*, 901 F.2d 387 (4th Cir. 1990).

## Discussion

Plaintiff filed this action on April 15, 2010, and on the complaint he indicated that he had <u>not</u> "begun other lawsuits in state or federal court dealing with the same facts involved

4

in this action or otherwise related to your imprisonment." (Compl. at 1.) Plaintiff's response about his prior lawsuits was clearly not correct in light of the previous four non-habeas civil actions filed in this court (as noted above in the Introduction and Background section). It is appropriate for this District Court to take judicial notice of Plaintiff's prior cases. *See Aloe Creme Lab., Inc. v. Francine Co.*, 425 F.2d 1295, 1296 (5th Cir. 1970) (noting that the District Court clearly had the right to take notice of its own files and records and it had no duty to grind the same corn a second time). *See also Colonial Penn Ins. Co. v. Coil*, 887 F.2d 1236, 1239 (4th Cir. 1989) ("We note that 'the most frequent use of judicial notice is in noticing the content of court records.'"). In the action *sub judice*, the same facts and legal claims appear to be alleged in the complaint as were alleged in the previous lawsuits filed in this court. Plaintiff does not appear to allege any new factual circumstances. Essentially, Plaintiff continues to believe that he was wrongfully convicted of a crime in state court in 2001, that he is wrongfully imprisoned, and that he is entitled to immediate release from prison and to money damages for his pain and suffering. (Compl. at 3-5.) The case *sub judice* is frivolous because Plaintiff did not allege that he has successfully invalidated his state conviction. It has previously been explained to Plaintiff that he cannot sue the defendants for damages based on their participation in the state prosecution leading up to his conviction unless and until he gets his conviction overturned or set aside. *See Campbell v. Fitzsimmons, et al.*, Civil Action No. 8:10-92-TLW (D.S.C.) (the Report and Recommendation entered at Docket Entry # 15 and the Order entered at Docket Entry # 37). Because Plaintiff has been advised in prior lawsuits in this court that his similar claims had no arguable basis in law, this action should be

5

dismissed on the ground of frivolousness. *See Nagy v. FMC Butner*, 376 F.3d 252, 256-57 (4th Cir. 2004) (explaining that "[t]he word 'frivolous' is inherently elastic and 'not susceptible to categorical definition.'"). *See also Denton v. Hernandez*, 504 U.S. 25, 31 (1992).

Plaintiff also alleges that this action is in the nature of habeas corpus because he seeks release from prison. It has previously been explained to Plaintiff that to seek release from prison he must file an action pursuant to a federal habeas corpus statute such as 28 U.S.C. § 2254.[3] Plaintiff can obtain a habeas corpus complaint form by writing a request to the Clerk of Court, United States District Court, P.O. Box 10768, Greenville, South Carolina, 29603.

Lastly, because Plaintiff submitted another near-identical, frivolous complaint, this case should be deemed a "strike" under 28 U.S.C. § 1915(g). *See McLean v. United States*, 566 F.3d 391 (4th Cir. 2009) (a dismissal without prejudice based upon frivolousness may be considered a strike).

## Recommendation

Accordingly, it is recommended that the District Judge dismiss the complaint in this case *without prejudice* and without issuance and service of process based upon frivolousness. *See Neitzke v. Williams*, 490 U.S. 319, 324-25 (1989); *Haines v. Kerner*, 404 U.S. 519 (1972); and 28 U.S.C. § 1915A (as soon as possible after docketing, district courts should review prisoner cases to determine whether they are subject to summary

---

[3] Plaintiff has already filed a habeas action in this Court pursuant to § 2254, which was denied. *See Campbell v. Warden*, Civil Action No. 8:06-2643-TLW (D.S.C.). Any subsequent § 2254 habeas petition is subject to being dismissed as successive unless Plaintiff receives permission from the Fourth Circuit Court of Appeals to file a second or successive petition. 28 U.S.C. § 2244.

dismissal).  It is also recommended that this case be deemed a **STRIKE** under 28 U.S.C. § 1915(g).

                                                                        s/Bruce Howe Hendricks
                                                                        United States Magistrate Judge

April 22, 2010
Greenville, South Carolina

**The plaintiff's attention is directed to the important notice on the next page.**

**Notice of Right to File Objections to Report and Recommendation**

The parties are advised that they may file specific written objections to this Report and Recommendation with the District Judge. Objections must specifically identify the portions of the Report and Recommendation to which objections are made and the basis for such objections. "[I]n the absence of a timely filed objection, a district court need not conduct a de novo review, but instead must 'only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation.'" *Diamond v. Colonial Life & Acc. Ins. Co.*, 416 F.3d 310 (4th Cir. 2005) (quoting Fed. R. Civ. P. 72 advisory committee's note).

Specific written objections must be filed within fourteen (14) days of the date of service of this Report and Recommendation. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b); *see* Fed. R. Civ. P. 6(a), (d). Filing by mail pursuant to Federal Rule of Civil Procedure 5 may be accomplished by mailing objections to:

Larry W. Propes, Clerk
United States District Court
Post Office Box 10768
Greenville, South Carolina 29603

**Failure to timely file specific written objections to this Report and Recommendation will result in waiver of the right to appeal from a judgment of the District Court based upon such Recommendation.** 28 U.S.C. § 636(b)(1); *Thomas v. Arn*, 474 U.S. 140 (1985); *Wright v. Collins*, 766 F.2d 841 (4th Cir. 1985); *United States v. Schronce*, 727 F.2d 91 (4th Cir. 1984).